UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL Q. AWAN,

                Plaintiff,

    -v-

NEW YORK METROPOLITAN TRANSIT AUTHORITY, ET AL.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/2025

**ORDER**

25-CV-4339 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    Before the Court is a motion filed by the pro se Plaintiff on July 18, 2025, ECF No. 29. Although styled as a motion for "summary judgment," this motion is made before any defendant has responded to the complaint and it fails to comply with Local Rule 56.1. More importantly, Plaintiff's motion is not, in substance, a motion for summary judgment.

    The stated basis for Plaintiff's motion is Defendant MTA's alleged refusal "to answer the summons and delaying the case after [the] deadline expired." ECF No. 29 at 1. The supporting affidavit further complains about the manner in which Defendant MTA requested and obtained extensions of time to answer or otherwise respond to the complaint. ECF No. 30 ¶¶ 53–68.

    Plaintiff made essentially the same claim in his motion for Order to Show Cause why Defendant MTA should not be held in contempt. ECF No. 25. The affidavit supporting the contempt motion significantly overlaps with the affidavit

1

filed in support of the instant motion. *Compare* ECF No. 26 *with* ECF No. 30. Plaintiff's motion for contempt was denied. ECF No. 31.

Based on the substantive similarity between the instant motion, ECF No. 29, and Plaintiff's prior motion for contempt, ECF No. 25, which was denied, the Court construes the instant motion as one for reconsideration of either or both of the Court's original grant of an extension of time to answer or Plaintiff's motion for contempt. "The standard for granting a motion for reconsideration is strict." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). Motions for reconsideration are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

Plaintiff has failed to meet this substantial burden. He does not offer any new controlling decisions or relevant data in his motion. MTA sought and obtained a routine extension. Plaintiff's motion is therefore denied and Defendant MTA's deadline to respond to the complaint remains July 25, 2025. *See* ECF Nos. 14, 23.

The Clerk of Court is respectfully directed to close the motion at ECF No. 29 as **DENIED** and to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated: July 22, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge