USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL Q. AWAN,

                      Plaintiff,

      -v-

NEW YORK METROPOLITAN TRANSIT AUTHORITY, *et al.*,

                      Defendants.

**ORDER**

25-CV-4339 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    On August 7, 2025, Plaintiff, who is proceeding pro se, filed what he describes as a motion for summary judgment. ECF No. 49. On August 11, 2025, he filed what he describes as a "Motion for Writ of Error." ECF No. 54.

    At their core, both of these motions complain about the grant of an extension of time for Defendant MTA to respond to the complaint. Notwithstanding the labels attached to them, the undersigned treats these motions as requests to reconsider the granting of the extension request. Plaintiff has previously objected to and sought reconsideration of this same extension. ECF Nos. 15, 25, 38. He has been denied relief each time. ECF Nos. 17, 31, 40.

    Plaintiff claims he was not served with a copy of the MTA's extension request. Assuming, without deciding, that Plaintiff is correct about this, Plaintiff has not suffered any prejudice because the MTA informed the Court that Plaintiff did not consent to the extension. ECF No. 13. After being advised of Plaintiff's position, the Court nonetheless granted the extension because the MTA showed

1

good cause. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time."). This type of extension is routinely granted. Further, Plaintiff had not yet served all the other Defendants, which weighed in favor of an extension. Mailing the summons and complaint is not adequate service under Rule 4. Even if Plaintiff had filed an opposition to the extension request, the request would have been granted. Both motions for reconsideration are therefore **DENIED**.

Plaintiff is warned that any further filing asserting that the MTA failed to respond to the complaint would be frivolous and could result in the imposition of sanctions against Plaintiff. The MTA filed a timely motion to dismiss the complaint on July 25, 2025. ECF No. 33. Plaintiff is reminded that his opposition to this motion is due by August 22, 2025. ECF No. 23.

Additionally, as noted by Judge Torres at ECF No. 40, Plaintiff's insistence that he is the Court and is empowered to issue orders is without merit. Additional claims of this nature would be frivolous and could result in the imposition of sanctions against Plaintiff.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 49 and 54 as **DENIED** and to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated: August 19, 2025
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　Henry J. Ricardo
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge