UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Abdul Q. Awan,

                Plaintiff,

-against-

MTA, New York Metropolitan Transit Authority, Homeland Security Dept., National Transportation Safety Board (NTSB), Center for Disease Control (CDC), Dept. of Transportation (US DOT), United States Attorney (DOJ),

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/8/2025  

25 Civ. 4339 (AT) (HJR)

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court are three motions for "writs of error" filed by Plaintiff *pro se*, Abdul Q. Awan, on August 11, August 28, and October 1, 2025. *See* ECF Nos. 54, 64, 67. Construed liberally, the letters object to various pretrial rulings by the Honorable Henry J. Ricardo made on non-dispositive matters. *See* ECF Nos. 32, 41, 55; *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (explaining that courts construe filings by *pro se* parties to raise the strongest claims that they suggest). The letters also appear to ask for reconsideration of this Court's July 29, 2025 order. *See* ECF No. 54 at 5.

    Under Federal Rule of Civil Procedure 72(a), a district judge must consider any objections to a non-dispositive pretrial ruling by a magistrate judge if such objections are filed within 14 days of the objecting party's receipt of the ruling. Fed. R. Civ. P. 72(a). Only orders that are "clearly erroneous" or "contrary to law" shall be set aside. *Id.* An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (citation omitted).

    Awan's letters suggest three objections. First, he argues that Judge Ricardo has no authority to preside over this case. *See* ECF No. 54 at 2; ECF No. 64 at 2, ECF No. 67 at 2. Second, he contends that Judge Ricardo improperly granted Defendants an extension of time to file an answer. *See* ECF No. 54 at 3, ECF No. 64, at 3–4. Third, Awan argues that Judge Ricardo's August 19, 2025 order improperly dismissed this case and that Judge Ricardo's orders incorrectly represented the record. *See* ECF No. 64 at 2; ECF No. 67 at 5–6.[1]

---

[1] To the extent Awan argues that *he* is the Court, his arguments are without merit and frivolous. *See Keir v. Schoeberl*, No. 25 Civ. 56, 2025 WL 1684252, at *5 (N.D.N.Y. June 16, 2025); *Arnold v. Santander Consumer USA*, No. 24 Civ. 1125, 2025 WL 1358546, at *4 (D. Conn. May 9, 2025).

Awan's objections are meritless. Magistrate judges are empowered by law to preside over pretrial matters upon being appointed by a district judge. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); ECF Nos. 6, 39 (referring this matter to Judge Ricardo for, *inter alia*, general pretrial management). In ruling on non-dispositive matters, magistrate judges have "broad discretion." *Com-Tech Assocs. v. Comput. Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990). "When an act may or must be done within a specified time," such as a defendant's deadline to answer or otherwise respond to a complaint, "the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b). Judge Ricardo did not clearly err or misapply the law in granting Defendants' request for an extension of time. Nor has Judge Ricardo clearly misrepresented, misunderstood, or distorted the record.

Awan's letters also suggest that the undersigned lacked authority to issue a July 29, 2025 order which denied Awan's July 25 "motion for writ of error." *See* ECF No. 54 at 5; *see also* ECF No. 40 (order terminating motion for writ of error). Construing Awan's letter liberally, the Court considers his argument as a motion for reconsideration of its July 29 order. Reconsideration is an "extraordinary remedy to be employed sparingly," *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (citation omitted), and is granted "when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Awan's argument does not provide any basis for the Court to reconsider its July 29 order. The Court maintains jurisdiction over this case and has authority to overrule petitioner's Rule 72(a) objections where a magistrate judge's order is not clearly erroneous or contrary to law, as it did in its July 29 order. *See* Fed. R. Civ. P. 72(a); ECF No. 40.

Accordingly, Awan's objections are OVERRULED, and his motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 54 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: October 8, 2025
    New York, New York

_____
ANALISA TORRES
United States District Judge