UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL Q. AWAN,

                Plaintiff,

  -v-

NEW YORK METROPOLITAN TRANSIT AUTHORITY, *et al.*,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2025

**ORDER**

25-CV-4339 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    Before the Court is a motion (the "Motion") submitted by the *pro se* Plaintiff on October 10, 2025. ECF No. 69. Although the Notice of Motion describes the Motion as seeking summary judgment and an injunction, the Motion has been made before all Defendants have responded to the Complaint, and does not comply with Rules 56 and 65 of the Federal Rules of Civil Procedure. The Motion at ECF No. 69 is therefore **DENIED**.

    The basis for Plaintiff's motion is Defendant New York Metropolitan Transit Authority's ("MTA") alleged refusal to "answer the summons and delaying the case after [the] deadline expired." Motion at 1. The supporting affidavit at ECF No. 70 (the "Affidavit") further complains of Defendant MTA receiving an extension of time to answer the Complaint and then allegedly failing to respond to the Complaint. Affidavit at 9–14.

    Plaintiff has made essentially the same claim numerous times before. The affidavits Plaintiff filed at ECF Nos. 26 and 30 overlap significantly with the

1

Affidavit currently before the Court. *Compare* ECF No. 26 *with* ECF No. 30 *and* ECF No. 70. The motions made by Plaintiff that were supported by the prior affidavits were denied. *See* ECF Nos. 31, 32.

Given the substantive similarity between Plaintiff's prior motions—which were denied—and the instant Motion, the Court will construe the instant Motion as requesting reconsideration of the Court's orders granting extensions of time for the MTA to respond to the Complaint. "The standard for granting a motion for reconsideration is strict." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). Motions for reconsideration are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Plaintiff has failed to meet this substantial burden. He does not offer any new controlling decisions or relevant data in his Motion.

The MTA not only sought and obtained routine extensions, but indeed *did respond to the Complaint* by filing a motion to dismiss on July 25, 2025, the deadline set by the Court. *See* ECF Nos. 32, 33. Plaintiff's assertion that the MTA has refused to answer is entirely meritless, and the Motion is therefore denied.

The Clerk of Court is respectfully directed to close the Motion at ECF No. 69 as **DENIED** and to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated: October 16, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge