UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2026

ABDUL Q. AWAN,

                Plaintiff,

    -v-

NEW YORK METROPOLITAN TRANSIT
AUTHORITY, *et al.*,

             Defendants.

**REPORT AND**
**RECOMMENDATION**

25-CV-4339 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Analisa Torres, United States District Judge:**

Plaintiff Abdul Q. Awan ("Plaintiff"), proceeding *pro se*, brings this action asserting various claims arising from his employment with Defendant the New York City Transit Authority (the "NYCTA").[1]  The NYCTA moves to dismiss Plaintiff's claims pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.  For the reasons described below, the undersigned respectfully **RECOMMENDS** that the NYCTA's motion be **GRANTED** without prejudice to Plaintiff filing an amended complaint addressing the deficiencies identified below.

I.   **BACKGROUND**

    A.   **Factual Background**

The following facts are drawn from the Complaint and assumed to be true for purposes of this motion.  Plaintiff is a Revenue Equipment Maintainer ("REM") employed by the NYCTA.  Complaint, ECF No. 1 ("Complaint" or "Compl.") ¶ 101.

---

[1] Plaintiff names "MTA, New York Metropolitan Transit Authority" in the Complaint.  However, the correct legal entity is the New York City Transit Authority.

His duties include servicing equipment.  Compl. ¶ 72.

In 2002, Plaintiff found "[b]iohazardous contamination" due to the presence of rat feces in a MetroCard Vending Machine and placed the machine out of service. *Id.* ¶ 72.  In response to Plaintiff's actions, NYCTA management "had a fit" and placed the contaminated vending machine back into service.  *Id.* ¶¶ 74–75.  The NYCTA caused Plaintiff's reports of contamination to "disappear from transit records," and retaliated against Plaintiff in various ways, including by subjecting him to write-ups, "negative job action," "work location assignments," and assigning Plaintiff an excessive number of inspections.  *Id.*  ¶¶ 78, 80, 84.  Plaintiff further alleges that the NYCTA "suspended him with a fraudulent claim" and "had him followed for 6 months."  *Id.* ¶ 85.

Twenty years later, in April 2022, the turnstiles at another station were "reported as Biohazardous Contamination" and placed out of service.  *Id.* ¶ 86. Afterwards, a manager "became furious, and wrote Awan up for being a whistleblower, and demanded 20 days suspension for that reporting."  *Id.* ¶ 87.  In December 2022, management sent another employee "to engage Awan into a physical fight" at Penn Station.  *Id.* ¶ 88.  At some unspecified time, management again tried to spark a fist fight between Plaintiff and another employee with the goal "to get rid of Awan[,] yet again targeting the Whistle Blower."  *Id.* ¶ 95.

When Plaintiff injured his leg in July 2023, the NYCTA withheld three paychecks and his sick leave pay pending submission of a doctor's note.  *Id.* ¶¶ 96– 97.  Plaintiff ultimately received his pay.  *Id.* ¶ 98.  This incident, too, was part of a

scheme "to stalk and commence job actions" against Plaintiff because he "spoke up about hazards in the field." *Id.* ¶ 100.

While the thrust of the Complaint's factual allegations is that the NYCTA retaliated against Plaintiff because he complained about contaminated equipment, the Complaint also lists a host of other grievances about the NYCTA, including shootings on MTA property, deception of the public in connection with the OMNY fare implementation, differential testing for unvaccinated employees during the COVID-19 pandemic, lower pay for MTA workers than for suburban railroad workers, and violence against MTA workers by the mentally ill. *Id.* ¶¶ 89, 101, 108–09, 111, 113. These other allegations are general in nature and devoid of specific supporting facts.

### B.    Procedural Background

Plaintiff commenced this action by filing the Complaint on May 22, 2025 against the NYCTA, the Homeland Security Department, the National Transportation Safety Board, the Center for Disease Control, the Department of Transportation, and the United States Attorney. ECF No. 1. On July 25, 2025, the NYCTA filed its motion to dismiss, ECF No. 33 (the "Motion"), and supporting memorandum of law, ECF No. 35.[2] The Court set August 22, 2025 as the deadline for Plaintiff to respond to this Motion. ECF No. 23. Plaintiff made numerous filings after July 25, none of which was directly responsive to the NYCTA's Motion.

---

[2] The federal agency defendants filed a separate motion to dismiss, ECF No. 89, which is not addressed here.

*See, e.g.,* ECF Nos. 38, 42, 49, 51.[3]  Although it was filed after the August 22 deadline, the undersigned has considered Plaintiff's "Notice for Cross Motion," ECF No. 63.  This filing is described as a notice of cross-motion to the Defendants' motion, which is an apparent reference to the NYCTA's Motion.  This filing restates Plaintiff's position filed on August 7, 2025, an apparent reference to ECF No. 49, as supplemented by an August 21, 2025 affidavit, an apparent reference to ECF No. 59.

The undersigned has considered these filings in connection with the NYCTA's Motion, but they are not directly responsive.  ECF No. 49 was styled as a "Notice of Motion [for] Summary Judgment," and was addressed in the Order entered at ECF No. 55 as a disguised request to reconsider the NYCTA's request for an extension of time to respond to the Complaint.  ECF No. 59, described as an "Affidavit in Cross Motion Rule § 56," states that it supplements "petitioner[']s affidavit in opposition to defendant[']s motion."  ECF No. 59 at 1.  This filing mainly rehashes the earlier controversy regarding the NYCTA's extension request.  This subject has been addressed in several prior orders and is not directly responsive to the Motion itself.  *See* ECF No. 55 (citing ECF Nos. 17, 31, 40).

By an Amended Order of Reference, ECF No. 39, the NYCTA's Motion was referred to the undersigned for a report and recommendation.

---

[3] Plaintiff made multiple filings complaining about the NYCTA receiving an extension of time to respond to the Complaint.  For example, Plaintiff sought entry of a default against the NYCTA, even though it filed the instant Motion within the deadline set by the Court.  *See* ECF Nos. 42, 49.

4

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6) and Standards for *Pro Se* Litigants

In deciding a motion to dismiss under Rule 12(b)(6), a court "accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff." *Roy v. L. Offs. of B. Alan Seidler, P.C.*, 284 F. Supp. 3d 454, 456 (S.D.N.Y. 2018) (citing *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)).

*Pro se* complaints are read liberally "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).  However, a *pro se* complaint still "must state a plausible claim for relief." *Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013) (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)).  Thus, a district court should dismiss a *pro se* plaintiff's complaint if it "fail[s] to meet minimum pleading requirements." *Kinsey v. Bloomberg,* No. 12-CV-8936 (PAE) (JCF), 2014 WL 630670, at *3 (S.D.N.Y. Feb. 18, 2014) (citations omitted).

### B.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42

(2d Cir. 1988)).

## III.   DISCUSSION

### A.   The Complaint Does Not Comply With Rule 8

The Complaint does not comply with Rule 8 because it is neither short nor plain.  Fed. R. Civ. P. 8(a)(2).  Paragraphs 1–46 contain legal generalizations that lack any apparent purpose.  Paragraphs 47–49 identity the Plaintiff, and paragraphs 50–63 provide a list of claims, statutes and grievances, but without any supporting factual allegations.

The factual portion of the Complaint does not begin, in earnest, until paragraph 64.  Even that portion of the Complaint is difficult to follow.  The Complaint refers to events occurring both decades ago (*e.g.*, ¶ 72 describing events "in the Summer of 2002") and more recently (*e.g.*, ¶¶ 97–98 concerning a doctor visit on August 25, 2023).  In addition to its core factual allegations about retaliation for reporting contaminated equipment (*see* ¶¶ 64–88, 96–100), this portion of the Complaint includes both generalized grievances (*see* ¶¶ 101–113) and a conclusory assertion of discrimination based on religion and race (¶ 114).  Finally, Plaintiff seeks damages that "will exceed $888.555 Billion," a figure that appears to be plucked from thin air.  Compl. at 18.

In short, much of the Complaint is "confused, ambiguous, vague, or otherwise unintelligible."  *Simmons*, 49 F.3d at 86 (citing *Salahuddin*, 861 F.2d at 42).  This could, by itself, provide a basis for dismissal.  However, because of the "special solicitude" afforded to *pro se* litigants, the undersigned addresses the legal

sufficiency of Plaintiff's possibly discernable claims and does not recommend dismissal based on Rule 8 alone. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam)).

> **B.      Plaintiff Fails to State a Claim for Discrimination Under Title VII**

Although the Complaint contains no formal pleading of individual causes of action, it expressly mentions Title VII of the Civil Rights Act of 1964 and alleges discrimination based on religion and race in the course of Plaintiff's employment. *See* Compl. ¶¶ 112, 114.  Accordingly, the NYCTA seeks dismissal of any claim for discrimination under Title VII.  *See* ECF No. 35 at 11.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).

> To establish a *prima facie* case of discrimination, a plaintiff must plead that (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) he has pleaded facts that suggest an inference of a discriminatory motivation.

*Algarin v. NYC Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 508 (S.D.N.Y. 2023), *aff'd*, No. 23-1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024).  Although a "discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss . . . it must at a minimum assert nonconclusory factual matter sufficient to 'nudge[ ] [its] claims'. . . 'across the

line from conceivable to plausible.'" *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014) (cleaned up).

Plaintiff states that he is a Pakistani-born Muslim and asserts in conclusory fashion that he was subjected to discrimination based on religion and race. Compl. ¶ 114. In addition to failing to demonstrate Plaintiff's job qualifications, the Complaint contains no factual allegations supporting an inference of discriminatory motive. To the contrary, the Complaint repeatedly asserts that the NYCTA took adverse action *due to Plaintiff's reporting of biohazardous contamination*, as opposed to his race or religion. Therefore, Plaintiff fails to plead discrimination under Title VII.

### C.    Plaintiff Fails to State a Claim of Retaliation Under Title VII

The Complaint is filled with allegations of retaliation, and the NYCTA seeks a ruling that it fails to plead a claim for retaliation under Title VII. To establish a prima facie case of retaliation under Title VII of the Civil Rights Act of 1964, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *McMenemy v. City of Rochester*, 241 F.3d 279, 282–83 (2d Cir. 2001) (citing *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 113 (2d Cir.2000)).

To demonstrate that he engaged in a "protected activity" a plaintiff "must demonstrate a good faith, reasonable belief that the underlying challenged actions of the employer violated" Title VII. *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988) (quotations and citations

omitted).  "[I]f the conduct complained of by the plaintiff ha[s] nothing to do with *race, color, religion, sex, or national origin,* an action cannot be maintained under Title VII."  *Santucci v. Veneman*, No. 1-CV-6644 (CBM), 2002 WL 31255115, at *3 (S.D.N.Y. Oct. 8, 2002) (emphasis in original).

Plaintiff alleges many forms of "negative job action" due to his whistleblowing related to biohazardous contamination.  *See* Compl. ¶¶ 80, 97–98.[4]  This is not protected activity under Title VII.  *See Harper v. Hunter Coll.*, No. 95-CV-10388 (JFK), 1999 WL 147698, at *3 (S.D.N.Y. Mar. 15, 1999) (dismissing complaint because whistleblowing related to unsafe working conditions is not protected under Title VII), *aff'd*, 199 F.3d 1322 (2d Cir. 1999).  Accordingly, Plaintiff fails to state a claim for retaliation under Title VII.

### D.    Plaintiff Fails to State a Hostile Work Environment Claim Under Title VII

The Complaint alleges that the NYCTA treated Plaintiff with hostility at various points.  *See* Compl. ¶¶ 82–83, 85.  To the extent Plaintiff asserts a hostile work environment claim under Title VII, such claim fails.  "A hostile work environment claim requires a showing [1] that the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and [2] that a specific basis exists for imputing the objectionable conduct to the employer."  *Alfano v. Costello*, 294 F.3d 365, 373 (2d

---

[4] It is possible that these allegations could support a claim under the National Transit Systems Security Act, 6 U.S.C. § 1142.  The Complaint does not invoke this statute, and the NYCTA did not address it in its Motion.  Plaintiff should have the opportunity to plead such a claim in an amended complaint.

Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)).

Moreover, Title VII is violated when conduct "(1) was objectively severe or pervasive

in that it created an environment that a reasonable person would find hostile or

abusive; (2) created an environment that the plaintiff subjectively perceived as

hostile or abusive; and (3) *occurred because of the plaintiff's protected*

*characteristic.*" *McSweeney v. Cohen*, 776 F. Supp. 3d 200, 261 (S.D.N.Y. 2025)

(emphasis added) (citing *Sherman v. Fivesky, LLC*, No. 19-CV-8015 (LJL), 2020 WL

2136227, at *5 (S.D.N.Y. May 5, 2020)).

Plaintiff alleges that "[m]anagement took a hostile position, they were going

to get Awan [f]ired at all cost[s].  [T]he barb of work place violence and targeting is

active."  Compl. ¶ 83.  As examples of management's hostility, Plaintiff explains

that he was assigned to more inspections than could be reasonably completed in the

time allotted, that management sent another REM to engage Plaintiff in a fistfight,

that shootings occur on MTA property, that the NYCTA has expanded job duties for

REM's, and that the NYCTA has closed booths where the public can acquire

assistance while using the subway.  Compl. ¶¶ 84, 88–89, 103, 106.  However, there

is no plausible factual allegation that this hostility occurred because of Plaintiff's

protected characteristics.  Therefore, to the extent that Plaintiff is asserting a

hostile work environment under Title VII, he fails to state a claim.

### E.    Plaintiff Fails to State a First Amendment Retaliation Claim Under Section 1983

Because the Complaint focuses on Plaintiff's reporting of contamination, the

NYCTA's Motion addresses a possible claim under Section 1983 for First

10

Amendment retaliation.

> To establish a First Amendment retaliation claim under § 1983, 'a plaintiff must show (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'

*Oliver v. Penny*, No. 21-111, 2022 WL 2165814, at *2 (2d Cir. June 16, 2022) (quoting *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019)). "When the speaker is a public employee, [his] speech is protected when it involves a matter of public concern and *[he] is speaking as a private citizen.*" *Id.* (citing *Lynch v. Ackley*, 811 F.3d 569, 578 (2d Cir. 2016) (emphasis added)).

Plaintiff admits that "NYCTA rules and regulations . . . require[] workers to report hazardous conditions," which undermines any claim that Plaintiff acted as a private citizen when he reported his concerns. Compl. ¶ 73. "Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created." *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006) (citing *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 833 (1995)). Therefore, because Plaintiff has not demonstrated that he was acting as a private citizen when he reported biohazardous contamination, his Section 1983 claim fails.

F.      **Plaintiff Fails to State a Claim Under 5 U.S.C. § 2302**

The Complaint cites 5 U.S.C. § 2302, Compl. at 18, which "sets forth a 'comprehensive system for reviewing personnel action taken against federal employees.'" *Doe v. F.D.I.C.*, 545 F. App'x 6, 7 (2d Cir. 2013) (summary order)

11

(quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)). This statute applies only to persons employed by federal agencies or federal contractors. *Norman v. City of New York*, No. 20-CV-5560 (LTS), 2022 WL 3354707, at \*5 (S.D.N.Y. Aug. 12, 2022). Because Plaintiff does not claim to be a federal employee and the NYCTA is not a federal agency, Plaintiff fails to state a claim under 5 U.S.C. § 2302.

### G.    To the Extent That Plaintiff Is Asserting Other Claims, Those Too are Unsupported

Finally, the Complaint refers to numerous other legal theories and federal statutes that are not addressed in the NYCTA's Motion. To the extent Plaintiff asserts such additional claims, they fail due to the absence of factual allegations permitting a reasonable inference that laws were violated and that Plaintiff has standing to sue for such violations. For example, Plaintiff asserts that the NYCTA committed "[v]iolation of the ADA Title 42 sec. §12131 and Elder Abuse for senior/handicap reduced fare access," "Hobbs Act 18 USC §1951," "OMNY deception," and "COVID lockdown segregation." Compl. ¶¶ 52–53, 56, 108, 111. Merely mentioning these other potential causes of action without even attempting to explain the factual basis for asserting them is insufficient to state a claim for which relief can be granted.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants' Motion be **GRANTED** for failure to state a claim under Rule 12, but without prejudice to Plaintiff filing an amended complaint that remedies the defects identified herein.

The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff.

**PROCEDURE FOR FILING OBJECTIONS**

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Torres.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: January 9, 2026
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

13