UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Abdul Q. Awan,

                              Plaintiff,

                -against-

MTA, New York Metropolitan Transit Authority,
Homeland Security Dept., National Transportation Safety
Board (NTSB), Center for Disease Control (CDC), Dept.
of Transportation (US DOT), United States Attorney
(DOJ),

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    2/26/2026

25 Civ. 4339 (AT) (HJR)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

On May 22, 2025, Plaintiff *pro se*, Abdul Q. Awan, filed this lawsuit alleging various claims related to his employment with the New York City Transit Authority ("NYCTA").[1] *See* Compl. at 10–16, ECF No. 1. The NYCTA moves to dismiss the action. *See* Notice of Mot., ECF No. 33. The motion was referred to the Honorable Henry J. Ricardo for a Report and Recommendation ("R&R") on July 28, 2025. *See* ECF No. 39.[2]

After careful consideration, Judge Ricardo issued an R&R on January 9, 2026, recommending that the NYCTA's motion to dismiss be granted "without prejudice to [Awan] filing an amended complaint that remedies the defects identified herein." R&R at 12, ECF No. 94. Judge Ricardo concluded that Awan's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, but that, nonetheless, he would review Awan's discernable claims on the merits. R&R at 6–7. Judge Ricardo then concluded that: (1) claims of discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, were "conclusory", *id.* at 8; (2) the claim of retaliation failed to allege a protected activity, *id.* at 9; (3) the claim of hostile work environment failed to allege that the environment was imposed "because of [Awan's] protected characteristics," *id.* at 10; (4) the First Amendment retaliation claim under 42 U.S.C. § 1983 failed to allege that Awan was acting as a private citizen, *id.* at 10–11; (5) the claim under 5 U.S.C. § 2302 failed to allege that Awan was a federal employee, *id.* at 11–12; and (6) any other claims were unsupported, *id.* at 12.

Awan's objections were due within 17 days of receiving the R&R. *See* Mailing Receipt on January 12, 2026; Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d); R&R at 13 (notice of objection deadline). Because no objection has been made, the Court reviews the R&R for clear error. *Santiago v. Colvin*, No. 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). The Court finds no clear error in Judge Ricardo's thorough and well-reasoned decision.

---

[1] The NYCTA is incorrectly denominated in this action as the Metropolitan Transit Authority.

[2] A separate motion to dismiss was filed by the remaining Defendants in this action on December 16, 2025. *See* ECF No. 89. On December 19, that motion was also referred to Judge Ricardo. *See* ECF No. 92. That motion remains pending. *See also* ECF No. 97.

Accordingly, the Court ADOPTS the R&R in its entirety.  Awan's complaint is DISMISSED as to the NYCTA with leave to amend.  *See* R&R at 12.  By **March 30, 2026**, Awan may file an amended complaint that remedies the deficiencies identified in Judge Ricardo's R&R.  The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

SO ORDERED.

Dated: February 26, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

2