UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Abdul Q. Awan,

                              Plaintiff,

               -against-

MTA, New York Metropolitan Transit Authority,
Homeland Security Dept., National Transportation Safety
Board (NTSB), Center for Disease Control (CDC), Dept.
of Transportation (US DOT), United States Attorney
(DOJ),

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/15/2026__

25 Civ. 4339 (AT) (HJR)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

        On May 22, 2025, Plaintiff *pro se*, Abdul Q. Awan, filed this lawsuit alleging various claims related to his employment with the New York City Transit Authority ("NYCTA").[1]  *See* Compl. at 10–16, ECF No. 1.  NYCTA previously moved to dismiss the complaint, and the Court adopted the Honorable Henry J. Ricardo's first report and recommendation ("R&R") on that motion, dismissing the complaint as to NYCTA but granting Awan leave to amend to correct the deficiencies identified in the first R&R.  *See* First R&R I, ECF No. 94.[2]

        Awan also named multiple federal agencies as Defendants (the "federal Defendants"), all of whom moved to dismiss the complaint under Federal Rules of Civil Procedure 8 and 12: the Department of Homeland Security, National Transportation Safety Board, Centers for Disease Control, Department of Transportation, and Department of Justice.  *See* Mot., ECF No. 89.  The federal Defendants' motion was referred to Judge Ricardo for an R&R on December 19, 2025. *See* ECF No. 92.

        After careful consideration, Judge Ricardo issued an R&R on May 12, 2026, recommending that the federal Defendants' motion be granted "without prejudice to [Awan] filing an amended complaint that remedies the defects identified herein."  Second R&R at 7, ECF No. 100.  Judge Ricardo concluded that Awan's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, but that, nonetheless, he would review Awan's discernable claims on the merits.  *See* Second R&R at 5.  Judge Ricardo then concluded that Awan failed to plead plausible claims against any federal defendant.  *See* Second R&R at 5–7.

        Awan's objections were due within 17 days of receiving the second R&R.  *See* Mailing Receipt on May 13, 2026; Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d); R&R at 7–8 (notice of objection deadline).  Because no objection has been made, the Court reviews the R&R for clear error.  *Santiago v. Colvin*, No. 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). The Court finds no clear error in Judge Ricardo's thorough and well-reasoned decision.

---

[1] The NYCTA is incorrectly denominated in this action as the New York Metropolitan Transit Authority.

[2] Because the second motion to dismiss, filed by the federal Defendants, remained pending, the Court subsequently stayed Awan's deadline to amend his complaint to remedy this first set of deficiencies.  *See* ECF No. 99.

Accordingly, the Court ADOPTS the second R&R in its entirety. Awan's complaint is DISMISSED as to the federal Defendants with leave to amend. *See* R&R at 12. By **July 30, 2026**, Awan may file an amended complaint that remedies both the deficiencies identified in Judge Ricardo's second R&R at ECF No 100 (dated May 12, 2026), as well as the deficiencies identified in Judge Ricardo's first report and recommendation concerning the NYCTA's motion to dismiss, *see* ECF No. 94 (dated January 9, 2026); ECF No. 98 (order adopting first report and recommendation).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: June 15, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2